WILLIAM RODRIGUEZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rodriguez v. Commissioner
Docket No. 23935-82.
United States Tax Court
T.C. Memo 1984-111; 1984 Tax Ct. Memo LEXIS 564; 47 T.C.M. (CCH) 1225; T.C.M. (RIA) 84111; March 6, 1984. William Rodriguez, pro se. Dennis Perez, for the respondent. *565 DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 of the Code [1] and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKELY, Special Trial Judge: This matter is before the Court on respondent's oral motion to dismiss for failure to prosecute properly. Respondent determined that there were deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tax § 6651(a) § 6653(a) § 6654(a)
1978
$3,659
$914.75
$182.95
$117.08
1979
3,591
897.75
179.55
150.82
1980
4,604
1,151.01
230.20
294.65
The deficiency notice was based upon unreported income in the amounts of $18,997, $19,277 and $22,256 for the years 1978, 1979 and 1980, respectively. The computation of tax for each year was based upon the filing status of a single taxpayer, one personal exemption and *566 no allowance for dependents or for excess itemized deductions. Petitioner timely filed a petition with this Court in which he alleged that his residence was Bell Gardens, California. In addition, Petitioner made frivolous tax-protestor type allegations in his petition that he was not required to file an income tax return or pay an income tax for 1978, 1979 or 1980, that he did not volunteer to self-assess himself for taxes, that he was not in receipt of gain or profit, that he enjoyed no grant of privilege or franchise and that he received nothing of a known tangible value. The Court takes judicial notice of the fact that petitioner is one of a large group of persons in the southern California area who have filed petitions and other papers with this Court of a substantially identical nature. [2]
*567 This Court at the calendar call repeatedly asked petitioner if he was prepared to try his case based upon evidence about his income, his deductions and his credits. Petitioner refused to advise the Court (despite repeated urgings of the Court to do so) that he would present such information at a trial in the matter herein. He chose, instead to argue that the wages which he admitted receiving did not constitute income to him because he received "frivolous money" and to complain that he had been denied a jury trial. Thereupon he was informed that a decision would be entered against him and in favor of the respondent based upon his failure to prosecute properly and his failure to produce evidence. This matter might well have been dismissed upon a motion by respondent to dismiss for failure to state a claim upon which relief can be afforded. The petition herein alleges no factual or legal questions which would require a trial. It is completely without merit. [3] Respondent, however, chose to have available in the courtroom persons who would go over any evidence of income, deductions and credits which petitioner and others similarly situated might wish to present. Unfortunately, *568 petitioner, as well as most of the other petitioners in this calendar call, chose not to take advantage of this opportunity which respondent afforded them. Thus, petitioner might well have been able to reduce the tax liability shown on the deficiency notice had he been willing to provide information about dependents, itemized deductions or credits against his tax liability. We note that petitioner stated at the calendar call that he had a wife, three children and a 16-3/8 percent mortgage. He nevertheless flatly refused to provide any proof in regard to these matters.The Court took care to ascertain that petitioner understood the implications of his refusal to produce evidence, so that if the deficiencies in taxes are greater than would be his liability if the had filed returns, as required by law, he has himself to blame. [4] To quote from an earlier opinion of this Court, he has engaged in a "folly" which will be costly to him. Schaefer v. Commissioner,T.C. Memo. 1983-361. Petitioner bore the burden of proving that respondent's determination of a deficiency was incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of *569 Practice and Procedure. He refused to meet that burden. It seems incredible that any reasonably intelligent person could honestly believe that wages do not constitute income. Suffice it to say that section 61 defines income to include "Compensation for services." It would ill-serve the administration of justice to once again embark upon an exhaustive analysis of the many cases which hold in an unbroken line that compensation for services is one of the elements of gross income. See, e.g., Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir., Sept. 13, 1983). The same thing might be said in regard to *570 the completely meritless argument that the receipt of federal reserve notes can not constitute the receipt of income. Rowlee v. Commissioner,supra.Our time must be expended upon petitioners who have serious controversies before this Court. Petitioner has chosen not to produce evidence and not to prosecute this matter properly. Accordingly, his petition will be dismissed, Rules 149(b), 123(b), Tax Court Rules of Practice and Procedure, and a decision will be entered in favor of respondent. Petitioner is admonished that for petitions filed herein subsequent to December 31, 1982, section 6673 gives this Court discretion to award damages up to $5,000 where a proceeding has been instituted or maintained by the taxpayer primarily for delay or where the position therein is frivolous or groundless. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See e.g., Ross v. Commissioner,T.C. Memo. 1983-624; Langseth v. Commissioner,T.C. Memo. 1983-576; Urban v. Commissioner,T.C. Memo. 1984-85; Dragoun v. Commissioner,T.C. Memo. 1984-94; Gabaldon v. Commissioner,T.C. Memo. 1984-107; Kallsen v. Commissioner,T.C. Memo. 1984-108; Hodge v. Commissioner,T.C. Memo. 1984-109↩.
3. See Rowlee v. Commissioner,80 T.C. 1111↩ (1983), on appeal (2d Cir., Sept. 13, 1983). 4. For instance, the deficiency in tax for 1980 would be reduced from $4,604 to $3,954 if petitioner had accepted the invitation of the Court to present evidence in regard to his marital status and his dependents and the tax was computed for a married person filing separately. The additions to tax would likewise be reduced. Obviously, deductions for interest and real property taxes similarly might have resulted also in a lower tax amount.↩